# NICHOLAS P. IGLEHART *et al.*

*v.*

# ELLEN P. VAIL *et al.*

1. SPECIFIC PERFORMANCE—*lost by laches.* Where a party seeking the specific performance of an agreement to convey land is guilty of great *laches*, having delayed asserting any rights under it for a period of nearly eleven years, during which time he paid no taxes on the property or asserted any ownership over it, but suffered a subsequent purchaser, without actual notice of the claim, to improve the same and add greatly to its value, the unusual delay, unexplained by equitable circumstances, will bar any claim of relief in equity.

2. SAME—*not granted when inequitable.* The specific enforcement of contracts is always in the sound discretion of the court. It is not every contract that will be specifically enforced, especially if there is anything that makes it inequitable, courts will hesitate to do so. Where there is anything, by reason of the change of circumstances in regard to the property, that makes it unconscionable the party should have execution of the contract, a court of equity will withhold its aid.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was a bill in chancery, filed by Ellen P. Vail, wife of Asa Vail, Mary E. Vail, and Maggie A. Vail, against Nicholas P. Iglehart, The Brighton Company, and Asa Vail, for the specific performance, on the part of Iglehart, of a contract to convey certain lands. The substantial facts of the case may be found in the opinion. The case is brought to this court on the appeal of Nicholas P. Iglehart and The Brighton Company.

Messrs. SCOVILLE, CORWIN & BAYLEY, Mr. C. B. LAWRENCE, and Mr. J. M. BAILEY, for the appellants.

Mr. ROBERT RAE, Mr. J. W. BEACH, and Mr. ANTHONY THORNTON, for the appellees.

Per CURIAM: This bill was to compel a specific performance of a contract entered into between Nicholas P. Iglehart and

Asa Vail, on the 22d day of June, 1860, for the benefit of appellees. The agreement purports to have been entered into in consideration of one dollar, paid by each to the other, and in full settlement of all accounts between them. By reference to the contract, it will be seen nothing remained to be done on the part of Vail.

The paragraph in the contract upon which this controversy arises is as follows: "Within four months from this time, to secure to Ellen Vail and her minor children, in a proper legal manner, free from all incumbrances or liens, the land this day conveyed in section nine, in township thirty-seven north, range fourteen, so that the same may be held by her as a homestead, for her and her minor childrens' sole use, in fee simple."

In the original draft prepared of this contract, the space filled up with the words "four months" was blank. They were written in the contract in pencil by Vail, in the presence of Iglehart, and before it was signed. The words "in fee simple," at the end of the paragraph, were also written with a pencil at the same time, and were written over with ink by Iglehart.

There can be but little doubt the contract was executed in duplicate. The original returned by Iglehart was so damaged by fire, it has become illegible. He produces, however, what he says is a true copy. It materially differs from the copy produced by appellees in this, that by the terms of the agreement, as he alleges it was, he was only to furnish Mrs. Vail and her minor children a homestead in a part of the lands.

Regarding the contract, as set forth in the bill, as the true copy, and as evidencing the agreement of the parties, it can not be denied there is much obscurity in its provisions. But, without attempting to give any construction to the contract, we think the relief sought by the bill must be denied on the ground of *laches*, justly attributable to appellees. A period of nearly eleven years elapsed after the making of the supposed agreement, before this bill was filed. During all that period neither the *cestuis que trust*, nor any one for them, ever paid any taxes on the property or pretended to assert dominion over it. If it was their land, as they now claim, for which they had

paid the entire consideration, it is most singular they would abandon it for so great a length of time. No reasonable explanation of this extraordinary delay is to be found in the evidence in this record. By all the authorities, such unusual delay, unexplained by equitable circumstances, will bar any relief in a court of equity. This matter of enforcing, specifically, contracts between parties, is always in the sound legal discretion of the court. It is not every contract that will be specifically enforced, especially if there is anything that makes it inequitable, courts will hesitate to do so. Where there is anything, by reason of the change of circumstances in regard to the property, that makes it unconscionable the party should have execution of the contract, a court of equity will withhold its aid. *Taylor* v. *Merrill*, 55 Ill. 52; *Modesill* v. *John*, 2 Black, 431; *Mortlock* v. *Butler*, 10 Ves. 292.

At the date the alleged contract was made, the property was not worth more than $15,000, and there was an incumbrance upon it which had been placed there by Vail himself, exceeding $12,000. It was at a time of great financial depression. Since then the incumbrance has been removed, and large sums of money have been expended upon it by Iglehart and The Brighton Company, which have greatly enhanced its value. The parties have slept on their rights, whatever they may have been, until the property has risen to the value of $200,000.

We are the more ready to adopt this view of the law, for the reason it is proven the title to the property has passed from Iglehart to The Brighton Company, by levy and sale under an execution issued on a judgment against him. Should we decree a specific performance of the contract at this late day, interests of third parties would be affected who have acquired rights in good faith under that sale, without actual notice of the interests claimed by the *cestuis que trust*.

Upon the whole record, we are satisfied there are no grounds presented for equitable relief.

The decree of the court below will be reversed and the bill dismissed.

*Decree reversed.*